HENRY M. LAVALLEE, Plaintiff, *v.* JOHN LAVALLEE and Others, Defendants.

Supreme Court, Franklin County, October 3, 1929.

*F. Ferris Hewitt*, for the motion.

*Wilmer H.* and *Orville R. Dunn,* for the plaintiff, opposed.

HEFFERNAN, J. This action is in partition, and defendant J. Edmond Lavallee has applied for an order staying proceedings and dismissing the complaint on the ground that partition or sale cannot be had without great prejudice to the owners.

Gilbert Lavallee died intestate on April 13, 1916, leaving a widow, one of the defendants, and the other parties to this suit as his heirs at law. At the time of his death he was the owner of the premises sought to be partitioned, consisting of a house and lot in the village of Saranac Lake, worth not to exceed $2,800. In May, 1916, the widow was appointed administratrix of her husband's estate by the Surrogate's Court of Franklin county. Without protest from the heirs she has occupied the real estate since her husband's death, without payment of rent or other charges, except taxes. In 1926 she made default in the payment of taxes and the property was sold to satisfy the lien. The moving defendant attended the tax sale, purchased the property in his own name and received a tax sale certificate. Upon discovering these facts plaintiff redeemed the property from the tax sale by the payment of the full amount due, and thereupon the tax sale certificate issued to the defendant was canceled.

The widow has refused to consent to the sale of the premises, and defendant also moves to dismiss the complaint for that reason. The widow heretofore made a similar application in connection with a motion to open her default in pleading. The application was denied by Mr. Justice BREWSTER. There is no proof indicating

that a sale of this property would be detrimental to the interests of any of the parties. It is difficult to conceive how such a result could be prejudicial. In fact, since the commencement of this action the widow has petitioned the Surrogate's Court to direct a sale of the identical property. The court is, therefore, asked to stay this action in order that the property may be sold in the Surrogate's Court, on the ground that a sale in the latter court would be less expensive. There is no apparent reason why the court should do this. The conduct of the widow and the moving defendant is hardly equitable. The one has occupied the property exclusively since her husband's death without expense, and the other surreptitiously attempted to acquire the title in his own name at a tax sale.

The argument that the complaint must be dismissed because the widow has not consented to a sale is without merit. This contention is based on section 1014 of the Civil Practice Act, which provides that where two or more persons hold a vested remainder or reversion as joint tenants or as tenants in common, any one of them may maintain an action for partition, subject to the interest of a person holding a particular estate therein, but that no sale of the premises shall be had except with the consent in writing of the person or persons owning and holding such particular estate or estates. Obviously the provisions of this section do not apply. If, as contended, the widow can prevent a sale of the property, then she is in a position to materially augment her interest in lands owned by her husband. This is not the law.

The parties do not hold as joint tenants or as tenants in common a " vested remainder or reversion." The plaintiff and all the defendants except the widow are tenants in common of the premises, and consequently the right to maintain this action is governed by section 1012 of the Civil Practice Act. The widow is endowed under the law with a third part only of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage. (Real Prop. Law, § 190.) The statute makes specific provision for the protection of her interests upon a sale in a partition action. (Civ. Prac. Act, § 1051.)

The motion is, therefore, denied, with costs.